CARUSO SMITH PICINI P.C.
Peter C. LaGreca, Esq. (073562014)
60 Route 46 E.
Fairfield, NJ 07004
Telephone: (973) 667-6000
Facsimile: (973) 667-1200
*Attorneys for Plaintiff*

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| CARLIA BRADY,<br><br>  Plaintiff,<br><br>v.<br><br>STATE OF NEW JERSEY JUDICIARY,<br><br>  Defendant. | Civil Action No.<br><br>**COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF** |

## PRELIMINARY STATEMENT

1. This Action, compelled by the State of New Jersey Judiciary's inaction, adds yet another sad chapter to Carlia Brady's seven-year nightmare through the criminal justice system and the judicial disciplinary process.

2. Seven years ago, Carlia Brady ("Plaintiff") was the quintessential American success story -- a Filipino-American immigrant, who became an accomplished lawyer and rose from the ranks of the Bar to become a Superior Court judge. Just several months after her judicial appointment, her career, her reputation, her health -- her life -- would be in ruins, the victim of overzealous Woodbridge Township police officers wanting another feather in their cap, who filed criminal charges that could not be sustained in court.

3. Those dismissed charges and the subsequent judicial disciplinary charges stem from a tumultuous, thirty-six-hour period in Plaintiff's life. During that period, while reporting to the police the theft of her car, Plaintiff learned that her live-in boyfriend, the father of her unborn

child -- the man with whom she had planned a future -- was a potentially dangerous criminal and wanted for the robbery of a drugstore.  In a state of shock -- with her reality shattered and her trust betrayed -- fatigued by twenty-four sleepless hours, and stressed about her pregnancy, Plaintiff should have been the object of at least a modicum of police solicitude.

4. Instead, she became the target of a hapless police investigation designed to make the case that she was harboring a criminal.  Without getting guidance from the prosecutor's office, and in a reckless rush to judgment, Woodbridge Township police officers arrested Plaintiff on the unsustainable charge of harboring a fugitive -- and did so without returning her earlier telephone calls or listening to two voicemails she left with a police officer, one notifying him of her boyfriend's presence in Woodbridge.  Officers then withheld their knowledge of the potentially exculpatory voicemails from a Superior Court judge, perhaps misleading him into issuing a criminal complaint.

5. The filing of that complaint triggered a misguided criminal prosecution on evidence so thin and lacking in substance that the Appellate Division affirmed the dismissal of one charge; and the trial court, on motion by the State, dismissed the two remaining charges.

6. On May 13, 2015, Plaintiff was indicted on one count of second-degree official misconduct, N.J.S.A. 2C:30-2(b); and two counts of third-degree hindering the apprehension or prosecution of another, N.J.S.A. 2C:29-3(a)(1) and (2).

7. On March 1, 2016, the Law Division dismissed the official misconduct charge, finding that Plaintiff had not acted in "her official capacity" and had no "duty inherent in her office to enforce an arrest warrant" or duty to act within "a specifically required time limit." *State v. Brady*, 452 N.J. Super. 143, 157 (App. Div. 2017).

8. The Appellate Division affirmed on September 11, 2017.  *Id.* at 174.

9. On March 2, 2018, nearly five-years after Plaintiff's arrest, the State moved to dismiss the hindering counts because of a lack of evidence to prove guilt beyond a reasonable doubt. The court granted the State's motion.

## NATURE OF ACTION AND FACTUAL ALLEGATIONS

10. Plaintiff incorporates all prior paragraphs.

11. Plaintiff was suspended from her judicial duties during the nearly five-year prosecution, from June 12, 2013 to March 5, 2018 -- without pay.

12. Based on the dismissal of the criminal charges, the New Jersey Supreme Court reinstated Plaintiff to active duty and pay as a Superior Court judge effective March 6, 2018.

13. That vindication was short lived.

14. On May 4, 2018, the Advisory Committee on Judicial Conduct ("ACJC") filed a disciplinary Complaint charging Plaintiff with violating the Code of Judicial Conduct, Canon 1, Rule 1.1; Canon 2, Rules 2.1 and 2.3(A); and Canon 5, Rule 5.1(A).

15. The disciplinary complaint related to the same basic events covered by the dismissed criminal charges, alleging Plaintiff failed to notify the Woodbridge Township police of her boyfriend's whereabouts and that she abused her judicial office during her arrest.

16. On September 16, 2019, the ACJC returned a Presentment, finding that Plaintiff violated the Code of Judicial Conduct and recommending her removal from office.

17. On August 6, 2020, the New Jersey Supreme Court concurred with the ACJC that Plaintiff committed the Code violations charged; but rather than remove Plaintiff from office as recommended by the ACJC, the Supreme Court instead imposed on Plaintiff a three-month suspension from judicial duties.

18. As of the date of the filing of this Complaint, and despite the Supreme Court's imposition of a three-month suspension, Defendant has not tendered to Plaintiff her backpay of salary for the five years during which she was suspended without pay, nor has Defendant identified any ground for withholding Plaintiff's salary during the five-year suspension.

19. Plaintiff brings this action against Defendant to compel compliance with N.J. Const. Art. VI., § 6, Para. 6. (prohibiting a diminution of judicial salaries). Plaintiff seeks an injunction directing Defendant to adhere to N.J. Const. Art. VI., § 6, Para. 6 and remit Plaintiff's backpay of salary.

## JURISDICTION AND VENUE

20. This Court has original jurisdiction over this action pursuant to 28 U.S.C. §§ 1331, 1332, and 1343.

21. This Court has the authority to grant declaratory relief pursuant to the Declaratory Judgment Act, 28 U.S.C §2201 *et seq*.

22. This Court has supplemental jurisdiction over causes of action arising under the laws of the State of New Jersey pursuant to 28 U.S.C. § 1367.

23. Venue is proper under 28 U.S.C. § 1391.

## PARTIES

24. Plaintiff Carlia Brady is formerly a judge of the Superior Court of New Jersey. She resides in the County of Middlesex, State of New Jersey.

25. Defendant State of New Jersey Judiciary is Plaintiff's former employer, headquartered at 25 Market St., Trenton, NJ 08611.

## CONSTITUTIONAL FRAMEWORK

26. N.J. Const. Art. VI., § 6, Para. 6 (the "No Diminution Clause") provides:

> [. . .] Judges of the Superior Court shall receive for their services such salaries as may be provided by law, which shall not be diminished during the term of their appointment. [. . . ]

27. The "sole exception" is a tax burden borne by all citizens. *DePascale v. State*, 211 N.J. 40, 42, 59, 62 (2012).

28. In *DePascale v. State*, the New Jersey Supreme Court considered the constitutionality of an "employer-generated reduction" in judicial salary by way of increased pension and health care contributions.

29. The New Jersey Supreme Court held the "employer-generated reduction in the take-home salaries of justices and judges during the terms of their appointments" is a "direct violation of the No-Diminution Clause of [the] New Jersey State Constitution." *DePascale*, 211 N.J. at 62.

30. N.J. Const. Art. VI., § 6, Para. 6 also provides: "[Judges] shall not, while in office, engage in the practice of law or other gainful pursuit."

## CLAIM FOR RELIEF

31. Plaintiff incorporates all prior paragraphs.

32. The No Diminution Clause of the New Jersey Constitution requires that judicial salaries "shall not be diminished" during the term of a judge's appointment. N.J. Const. Art. VI., § 6, Para. 6.

33. By suspending Plaintiff without pay from June 12, 2013 through March 5, 2018, and/or by failing to tender to Plaintiff backpay representing her salary from June 12, 2013 through March 5, 2018, and/or by failing to identify any ground for withholding Plaintiff's salary, Defendant has violated the No Diminution Clause of the New Jersey Constitution.

WHEREFORE, Plaintiff seeks a declaration that Defendant is in violation of N.J. Const. Art. VI., § 6, Para. 6.  Upon such declaration, Plaintiff seeks an Order or Injunction directing Defendant to adhere to N.J. Const. Art. VI., § 6, Para. 6 and remit Plaintiff's backpay of salary for the five-years she was suspended without pay.  Plaintiff further seeks all other relief that the Court finds appropriate, including but not limited to interest, attorneys' fees and costs.

## CERTIFICATION PURSUANT TO L. CIV. R. 11.2

I certify that, to the best of my knowledge, the matter in controversy is not the subject of any other action pending in any court or of any pending arbitration or administrative proceeding.

/s/ *Peter LaGreca*
Peter C. LaGreca

Dated:  4/1/2021